May it please the court, Andrew Parnes appearing on behalf of Richard Hoyle, the appellant in this matter. This case revolves around the verdict that was returned in this case and whether that was a verdict and a unanimous agreement on the jury's indication of not guilty or whether as the lower district court felt that there was a hung jury on the racketeering charge. What transpired in this case is that the jury, Mr. Hoyle was charged with a number of predicate acts as a subsequence of a racketeering charge and the jury came back and indicated after a number of days of deliberation and several hours over those days that they were hung on a number of predicate acts. They never said to the jury, to the judge, we're hung on the racketeering charge. They simply said we could not reach unanimous agreement on all of the predicate acts. But they had indicated to the judge that they had agreed on other counts. That's correct. They said we've agreed on counts A and E. Right. And as to count B, we cannot reach agreement on the predicate acts. Didn't the trial court judge want one thing the trial court judge wanted to preserve or make sure happened was he wanted to preserve the jury's verdict on those counts where they agreed. Isn't that right? Well, he wanted to do that. In other words, he didn't want the whole thing to be tossed out. He wanted to make sure he got a verdict back on counts A and on counts E. And also to go back and to indicate as to count B where they had agreement on predicate acts or not and to go back and fill out the verdict form is what he told the jurors. And you don't really have to go too far behind this verdict form to see that the jury basically said we can't agree on these predicate acts. And their answer to the first question, 1A, seems to be consistent with that. No, absolutely. There's no – I don't disagree that there was – there were seven. Why isn't this just – why isn't this just a – it's not a unanimous verdict on count B? Because there are other elements of count B other than the predicate acts. The jury could have decided that we cannot agree on the predicate acts, but we have to reach the other issues, the other elements of racketeering. Racketeering is not defined simply as finding the defendant guilty of two predicate acts. There are other elements. And the jury may well have decided that the other elements aren't there, but they were concerned that they had to answer and decide all of the predicate acts that they agreed upon or not. And then they came back and said in count B they mark, you know, there are not two incidents of racketeering. And they then went through, as the judge instructed them, to mark that. But the judge didn't then at the time say, okay, if you are hung on the predicate acts, then you are hung on the racketeering. He said let's get the verdicts on all the counts. When they came back, the jury had written – you know, had basically checked not guilty on two theories of racketeering as they were requested to do. And then they wrote in except as to the predicate acts. The question is at that point is what does that mean? And can you – can the writing on the verdict form override the not guilty verdicts on the predicate acts? Counsel, did you try this case? I did not. Why do you suppose defense counsel requested a mistrial? Well, I think at the point that he requested a mistrial, the jury came back and said we can't reach agreement on the predicate acts. The trial attorney – and I've talked to the trial attorney, I know him – what basically at that point in the record is saying, well, this looks like a hung jury. The judge says, no, wait a minute. I'm not going to grant a mistrial. Let's see what the verdicts say. Let's see what they've decided. And then at that point – He wanted that verdict form completed as to those counts that – and to those counts where there was unanimous agreement and as to the predicate acts there was unanimous agreement. And he also wanted – He wanted to eliminate all of that. But he also wanted the verdict form to be completed. And so the question becomes that before the verdict form is completed, the attorney asks for a mistrial. The judge says, no, let's see what the verdict form says. Once the verdict form comes back, the trial judge on his own says, I'm inclined to grant a not guilty – enter a judgment of not guilty on this form. But I'll let the attorney general who was trying the case, I'll let you do the – it was late at night. I'll let you come back and argue it some other time if you want. And he asked for more time. At that point, the trial counsel never made another motion for mistrial, filed a motion for judgment of acquittal, and basically said, enter the verdict. And the verdicts had been returned. All that the court needed to do at that point was essentially to enter the judgment. That's what the court should have done. And for double jeopardy purposes, it doesn't matter whether the court entered the judgment or not if the verdict is not guilty. So that what was happening and what transpired certainly changed from when the jury's note came back, but the jury's note, again, focused only on the predicate acts. So what do you – in your view, what do you do with the language that the jury added to the verdict form? I think just – Does it just go away? Do we just ignore it? I think it has to. I think that's what the – there is – You look at what happened in the proceedings and say, ah, well, they were just on a lark. I think that what has to happen is that the court has to ignore it, basically, and say there are other bases on which they could have returned a not guilty verdict. Well, but if you just look at the exchange that took place in the courtroom, why would you do that? Well, because the exchange went over the predicate acts. And the predicate acts are not the only elements of the offense. And so the jury could have returned a not guilty verdict based on – On what element? Based on what element? Under your theory. Well, on the element that it wasn't a continuing pattern. On the element – How would you know whether there was a pattern before those other seven predicates were decided? Well – Because if the jury wasn't agreed on them, then they wouldn't really be able to address whether there was a pattern on two of them. Well, they could have also – not just a pattern, but also that it was continuing. They don't have to address the predicate acts first. There's nothing in the jury instructions that required them to look first at the predicate acts. Certainly, the verdict form seems to indicate that. But we don't know. And that's the difficulty in terms of trying to go back underneath what the verdict form says. That's the real problem. And the cases, Stowe versus Murashagi, and all the cases say we don't look behind a not guilty verdict. There's no case that has said, okay, if we're going to see a not guilty verdict, and then there's some language written on the form – There was no language written on the form in Stowe. There was no question there, but that was the unanimous verdict. Well, that – The question is whether or not you have a verdict. Right. And I think that the court assumed there was a verdict. The jurors returned and said, this is our verdict. They were polled. They left. At that point, it's a verdict. The question is, how do you interpret that verdict? And I have argued that it is a not guilty verdict because it states that. The fact that there is other language on there, the problem with Stowe – and I'll try to save a little bit of time – but in Stowe, the count one that was charged, the jury didn't have to reach counts three and five, the other counts. They were a subset of that. And, in fact, they were instructed probably not to. And they answered anyway, not guilty. At that point, the judge didn't even, in court, acknowledge that that was a verdict of the jury. Yet, on appeal, when count one was reversed, those not guilty verdicts stood. And so I think that is – That was a different case. I was on that panel that decided that case, and there was no language by the jury to qualify the verdict. Absolutely, there was no qualifying language. And I think that there are no other cases where there's qualifying language that affects a not guilty verdict. There's qualifying language on guilty verdicts, but not on not guilty verdicts. Perhaps you should save a minute for your rebuttal. Thank you. All right. Okay, Ms. Lorello. Thank you. My name is Jessica Lorello, and I represent the appellees in this case. And I think it's important not just to look at the verdict on the racketeering charge or the verdict form with that respect, but also in this case, the real question is whether or not he was acquitted on those counts upon which he faces retrial. And those are five of the seven predicate acts upon which the jury clearly indicated on the verdict form that they could not agree. And in the reply brief, Mr. Hoyle does not dispute that. In fact, he says, quote, there is no dispute that the jury could not agree on whether Mr. Hoyle had committed seven predicate acts. If the jury had agreed that they were unanimous in rejecting the racketeering charge, on some other ground per Mr. Carney's argument, then wouldn't lesser included offenses also be barred by double jeopardy? I don't think so, Your Honor, and I'll tell you why in this case. The first is that Mr. Hoyle was actually charged with those predicate acts as substantive offenses, and that is reflected in jury instruction number 13. And that instruction is not in the excerpts of record, but it is in the district court lodging at A12, and I do have copies if the court is interested in it. But it says, each remaining count in the indictment and each remaining predicate act charges a separate and distinct jury. The time should be running. Go ahead. Sorry. You must decide each count and predicate act separately on the evidence in the law applicable to it. And that makes sense when you look at the verdict form and why the verdict form is constructed the way it is, because it asks, immediately preceding the predicate acts, check the appropriate box to reflect your verdict with respect to each of the following predicate acts. And then they have a choice of guilty or not guilty. So you're telling us that in the complaint or indictment or whatever it was that initiated this criminal proceeding in the Idaho District Court, that each one of these predicate acts was charged as a separate count? Well, it was not designated as a count, but they were listed out separately. And I'm not sure that it's constitutionally significant in this case that it was not. It would be nice to know whether or not it would be nice to be on notice whether or not you were charged separately for each one as a separate count  It would, Your Honor. And there's a transcript in the record. This is actually a transcript from proceedings, I think, on the motion for the mistrial. And counsel says in there, defense counsel says, and it's at pages 65, starting at pages 65-46, where defense counsel talks about, that's how the parties were proceeding in this case, as though he was charged with those predicate acts as substantive offenses. And again, brings up the fact that the court instructed the jury as such. And he doesn't specifically But the jury wasn't given a verdict, you know, count 44, count 24, grand theft. Well, it wasn't given a verdict form that numbered the predicate acts as counts, but the verdict form does have each predicate act listed and a guilty or not guilty line next to it. Let me ask you this. Supposing count B here, you know, it says did the defendant commit at least two incidents of racketeering conduct? It's got the quality, and then they check no. And then it's got this qualifying language here. Suppose that qualifying language hadn't been there. Or same thing for question 1D, if they hadn't included the qualifying language. Are you telling me that he still could have been charged for the predicate acts that they had marked not guilty on? I mean, they had marked no agreement? Do I think he still could have been retried? Yes, because to the extent they're considered a lesser-included offense, that often happens in cases where there's a lesser-included offense, and the jury can acquit on the greater. I thought the law was as Judge Gould said, that if you're acquitted of the main count. I think that's just in a general verdict where there's no other listing of other lesser-includeds. That you could find. Right. But if it was just a greater offense, and there was no separate designation for the jury to find guilt, then yes, I think that that's a different case. Well, you know, the argument you're making here now, I didn't quite understand it. That you're laying out here presenting to us right now, I did not understand that to be the argument that you presented in your brief. Well, I don't think it's inconsistent with the argument that I presented in my brief, but it was something that occurred to me in the reply brief that the appellant was arguing that he was not charged. Well, it's a different way of looking at this, and there may be some, you know, some, I don't want to say, there may be some potential to that argument, but I didn't understand your brief to be making that particular argument. And I apologize for that. I mean, I meant to say that he absolutely, in my brief, the position is he was not acquitted on this. On what? I'm sorry. He was not acquitted on what? On the racketeering. And that was my focus in my brief. You could focus on that a bit here. Okay. In your argument. Okay. The state's position then on whether or not he was acquitted on the racketeering charge itself is that the verdict form and the discussion that came about before the verdict was brought out by the jury is that the jury did not acquit him on the racketeering, as indicated in their language, because they could not reach an agreement as to some of the predicate acts. Therefore, they could not decide whether it was, there was a two predicate acts that would have to be found in order to convict on that. And on the verdict form also, they didn't respond to the incidents of racketeering conduct, question 1C. And then also that qualifying language and the fact that this is what the hangup was rather than some other element in 1D where it says considering your answer to the foregoing questions under the heading count B and considering all the other required elements of the crime of racketeering. That language, along with the other instructions that say, and I think it's instruction number 15, that say if you can't agree on all of the elements, you have to find him not guilty, in which case they could have just found him not guilty without having to write any qualifying language as to the predicate acts. But why do you suppose they put not guilty in there? I think they put it in there because they were asked to complete the jury form and that was kind of the way that the jury form flowed, that if you answer this question this way, you need to proceed to this and answer it this way. But in both cases, they qualified that not guilty with this language except as to the seven predicate acts. So I think they were just trying to fill out the form consistent with the court's and counsel's requests. Did he tell them, did the judge tell them actually to complete all the, answer all the questions on the form when he sent them back in, or did he just tell them to mark the predicate acts that they didn't agree on? Your Honor, I think they asked them to indicate both on there. And if I can just, if I can reference the transcript of that hearing. Yes, it says, have them return to the court, I think this is actually before the jury. Fill out the verdict form. What I would like you to do, or the moderator to do with the concurrence of the jury is to, on those answers to charges, to questions and to predicate acts on which you have unanimously agreed. So it says, to those answers to charges, so they gave their answer to the charge, count, was it count B? Count B was the racketeering. And maybe this is responsive to your question, Your Honor, which is on page 85 of the appellant's assertive record, which is, and I don't know if you're reading from the actual instruction of the jury or the beginning part of the court. I was reading from the transcript. There's actually two discussions, one in the very beginning when the court's talking to counsel, and then they bring the jury, and then the actual instruction of the jury from the court is on page 85 of the appellant's excerpts, and it says, what I would like you to do, or the moderator to do with the concurrence of the jury is to, on those answers to charges, to questions and to predicate acts on which you have unanimously agreed, to put in your decision or answers to those questions. On any questions or predicate acts on which you do not unanimously agree, please ask the moderator simply to write down next to that N.A. for no agreement. So the court did ask that the jury fill out basically the verdict form in its entirety. Is there any precedent in our circuit involving a form filled out like this? Your Honor, I am not aware of any precedent that involves a verdict form that's like this case. Okay. I think it's a little bit unique in the facts that it presents. Okay. Well, you may be, if you're done, you could stop because your time ran a little bit at the start. Okay. I thought it might have. About the clock, so don't feel obligated to use up that last minute. The State would simply ask that the Court affirm the District Court's denial of habeas rigors in this case. Thank you. Thank you. Ms. Lorella. Okay. Mr. Parmes. Thank you, Your Honors. First of all, he was not charged. The argument that was initially made, he wasn't charged with the predicate acts. Separately. Separately. He wasn't arraigned on them. He couldn't have been sentenced on them. It's not an issue. Actually, the State Supreme Court agreed that it would be barred by double jeopardy if there was a not guilty verdict on racketeering. So I think it's a nonissue. That's what I understood when I read the briefs. It says it in the Court of Appeals decision. It says it in the State Supreme Court issue. It's barred by double jeopardy if it's not guilty on racketeering. And the issue of whether or not – I have not been able to find any precedent on a not guilty verdict. There's a lot of precedent on when you find guilty and you write stuff in. You may be able to interpret it. Leniency doesn't matter. Sometimes it does. The Court maybe should have done different things in this case and asked the jury what did they mean. But the bottom line is it's not guilty. The sanctity of the not guilty plea is really what's at issue here. Going behind it to try and interpret what they did, how they answered the question, which was fill out the verdict form, and they did that, fill out the verdict form. They may have felt that they were required to find him not guilty once they didn't find the two – couldn't agree on two predicate acts. But that doesn't matter. If that was an error, if that was an erroneous reading of what the judge's instructions were, it's still not guilty. But we are supposed to try to discern the jury's intent. If the jury writes something, then our job is to give effect to what the jury intended. So we don't ignore everything except not guilty, do we? That's not what the law says, is it? Well, I think there are – I can find cases that say a not guilty verdict, and I know my time's over to answer that question. I think looking at the state cases from California that I cite, it gives some insight into that. Inconsistent, not guilty of murder, but the finding that the degree of murder was second degree. That seems – how do you do that? And the court says, no, it's not guilty of murder. We don't care that they found a second degree. In special circumstances case, not guilty of the murder, but guilty of a finding that the murder was committed in the commission of a robbery and a kidnapping. Inconsistent. If you wanted to interpret that, you'd say, well, wait a minute, they found him guilty. But the reality in the California cases, which I've cited in my briefs, and coming from interpretations of Supreme Court cases, basically says that's not guilty. This qualifying language is a little bit different. It is somewhat different, although it goes to predicate acts, which are not the only elements. Okay. Thank you very much. We appreciated the argument, and it's a very unusual case. And we thank both counsel for the fine argument. So Coyle v. Ada County shall be submitted.
judges: Gould, Paez, Rawlinson